## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRONOX WORLDWIDE LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1017-HE |
| | ) | |
| ATLANTIC RICHFIELD COMPANY, ET AL., | ) ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNION OIL COMPANY OF CALIFORNIA, ET AL., | ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## ORDER

This lawsuit arises out of the alleged contamination of certain real property located in Payne County, Oklahoma, which was owned by plaintiff Tronox Worldwide LLC ("Tronox"). Tronox asserts claims under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"),[1] as amended by the Superfund Amendments and Reathorization Act of 1986, and state law[2] against defendants Atlantic Richfield Company ("Atlantic Richfield") and ARCO Environmental Remediation, LLC ("ARCO"). In turn, Atlantic Richfield and ARCO seek contribution from third-party

---

[1]*CERCLA, as amended, is codified at 42 U.S.C. §§ 9601 et seq. CERCLA § 101 is 42 U.S.C. § 9601, and so on. Thus, § 107(a) can be found at 42 U.S.C. § 9607(a).*

[2]*Tronox asserts state law claims against defendants for nuisance, negligence, unjust enrichment, and trespass. First Amended Complaint [Doc. #136].*

defendants Union Oil Company of California ("Unocal") and Lario Oil & Gas Company ("Lario") under CERCLA and state law.  Before the court are Unocal's and Lario's motions for judgment on the pleadings as to defendants' CERCLA contribution claims, asserted on the basis that defendants fail to state a claim.  The court concludes the motions should be denied.[3]

### Background

The following is a general overview of the parties' claims as they are relevant here. It is unnecessary to trace the detailed allegations of the history of this complex dispute in order to resolve the present motions.

According to the amended complaint, Tronox incurred response costs of approximately $1.5 million for remedial actions as to the property.  The cleanup was performed pursuant to a consent order issued by the Oklahoma Department of Health on May 4, 1990.  Amended Complaint ¶ 20.  Tronox alleges that defendants released hydrocarbons and other substances into the environment while operating the so-called Sinclair Refinery, which is located on property that adjoins Tronox's property to the north. *Id.* ¶¶ 8-9.  Plaintiff alleges the released substances "infiltrated into soil, groundwater, and/or surface water and migrated, and continue to migrate, onto and under [Tronox's property]." *Id.* ¶ 10. Thus, Tronox contends defendants are liable under CERCLA for some or all of the response costs it incurred.

---

[3]*Unocal and Lario filed separate motions for judgment on the pleadings. Those motions advanced nearly identical legal arguments, so the court disposes of them together.*

Defendants deny that they caused the release of any such substances from the Sinclair Refinery, which defendants refer to as a "topping plant," and assert a counterclaim for contribution against Tronox for any liability of defendants which exceeds their equitable share.[4]  Answer ¶¶ 8-10, Counterclaim ¶¶ 3-14  [Doc. #137].  Additionally, by way of third-party contribution claims, defendants contend that Unocal and Lario are responsible for some or all of any contamination, and should therefore reimburse defendants in the event defendants are liable to plaintiff for more than their fair share of the response costs. Second Amended Third-Party Complaint [Doc. 138].

Unocal and Lario have moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) on the basis that defendants cannot state claims for CERCLA contribution against them. They argue that, because Tronox is a potentially responsible party ("PRP") under CERCLA,[5] defendants are only exposed to several liability for their "fair share" of the response costs and, therefore, a contribution claim is unavailable.

### Discussion

A Rule 12(c) motion for judgment on the pleadings is analyzed under the same standard the court uses when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See* Tomlinson v. El Paso Corp., 653 F.3d 1281, 1285 (10th Cir. 2011).  Thus,

---

[4]*Defendants also raise various defenses not relevant here.*

[5]*CERCLA itself does not define or mention "PRPs" as such; however, the term has generally been accepted as short-hand for the four categories of "covered persons" identified in § 107(a)(1)-(4). See, e.g.,* United States v. Atlantic Research Corp., *551 U.S. 128, 131-32 (2007). For present purposes, the court assume all parties are PRPs.*

all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

CERCLA is "a comprehensive federal statute that addresses liability for environmental cleanup costs." Friedland v. TIC-The Indus. Co., 566 F.3d 1203, 1206 (10th Cir. 2009). There are three provisions of CERCLA which allow private parties to recover from other private parties the costs associated with cleaning up contaminated sites: §§ 107(a), 113(f)(1), 113(f)(3). See United States v. Atlantic Research Corp., 551 U.S. 128, 131 & 138 n.5 (2007). Section 107(a) allows a private party, in certain circumstances, to recover from PRPs the response costs it has incurred cleaning up a contaminated site. See 42 U.S.C. § 9607(a)(1)-(4). Liability for these cost recovery claims is ordinarily "strict, joint, and several." Morrison Enters. v. McShares, Inc., 302 F.3d 1127, 1133 (10th Cir. 2002); accord Solutia, Inc. v. McWane, Inc., 672 F.3d 1230, 1235 (11th Cir. 2012) (noting liability under § 107(a) is joint and several). During or following a civil action under §§ 106 or 107(a), a PRP can seek contribution from another PRP under § 113(f)(1). 42 U.S.C. § 9613(f)(1); Cooper Indus., Inc. v. Aviall Servs., Inc., 543 U.S. 157, 166 (2004). Additionally, under § 113(f)(3), a PRP who has settled its CERCLA liability with the federal government, or with a state, may seek contribution from another PRP who has not. 42 U.S.C. § 9613(f)(3)(B).

4

Tronox asserts CERCLA claims against defendants under both §§ 107(a) and 113(f). The propriety of Tronox's claims against defendants is not at issue, so the court assumes for present purposes that both claims are viable.[6] Similarly, the court also assumes defendants' counterclaim is proper. The only issue presently before the court is whether defendants have stated a claim for contribution against Unocal and Lario when defendants are subject to §§ 107(a) and 113(f) claims.

Courts generally hold that § 113(f) contribution-defendants cannot assert their own contribution claims against others because such defendants are only liable for their fair share of response costs in the first place. *E.g.* Port of Tacoma v. Todd Shipyards Corp., No. CO8-5132BHS, 2009 WL 113852 (W.D. Wash. Jan. 14, 2009) (unpublished order); City of Merced v. R.A. Fields, 997 F. Supp. 1326 (E.D. Cal. 1998).[7] Therefore, defendants only have a contribution claim against Unocal and Lario if they are exposed to liability exceeding their equitable share of response costs by virtue of Tronox's § 107(a) claim.

As to that claim, Unocal and Lario contend that, as a result of the Supreme Court's decision in Atlantic Research, the defendants' mere filing of a § 113(f) contribution

_____

[6]*Unocal and Lario attempt to force this issue in their supplement [Doc. #157]. They argue that Tronox cannot assert a § 107(a) claim in light of Solutia and other cases following Atlantic Research because Tronox incurred response costs under compulsion from the Oklahoma Department of Health. But it is premature to resolve whether plaintiff has stated a § 107(a) claim in the present posture of the case because it has not been squarely raised and plaintiff has not had an opportunity to brief the issue.*

[7]*An alternative reason given by courts is that PRPs cannot assert § 113(f)(1) contribution claims unless they have been directly sued under §§ 106 or 107(a). E.g. Port of Tacoma, 2009 WL at *3 (citing Cooper Indus., 543 U.S. at 168). This issue is irrelevant at the present posture of the case because a § 107(a) claim has been asserted against defendants.*

counterclaim automatically transformed defendants' potential liability from joint and several to several only.  They rely on dicta at the end of the opinion where the Court noted that the filing of a § 113(f) counterclaim "trigger[s] equitable apportionment" in order to "blunt any inequitable distribution of costs."  *See* <u>Atlantic Research</u>, 551 U.S. at 140-41.[8]  This dicta does not suggest, as Unocal and Lario contend, that joint and several liability disappears as soon as a contribution counterclaim is asserted.[9]  Instead, the Court was merely pointing out that there was a  statutory mechanism by which response costs could be shared equitably among PRPs in the circumstances of that case, even though the plaintiff was itself a PRP.

Atlantic Richfield and ARCO, as the contribution-plaintiffs for their counterclaim, have the burden of proving the equitable share of recovery costs attributable to Tronox.  *See* <u>United States v. Colo. & E. R.R. Co.</u>, 50 F.3d 1530, 1536 (10th Cir. 1995); *see also* <u>Burlington N. & Sante Fe Ry. Co. v. United States</u>, 556 U.S. 599, 129 S. Ct. 1870, 1881 (2009) ("Not all harms are capable of apportionment, however, and CERCLA defendants seeking to avoid joint and several liability bear the burden of proving that a reasonable basis for apportionment exists.").  Thus, if Tronox carries its burden of proof on its § 107(a) strict

---

[8]*The holding of* <u>Atlantic Research</u> *was simply that PRPs are "other person[s]" under § 107(a)(4)(B) and are therefore able to bring § 107(a) cost recovery claims when they voluntarily incur recovery costs.  551 U.S. at 135-37.  The Court specifically declined to address whether a PRP who incurred response costs under compulsion from the federal or state government through a consent decree had a claim under §§ 107(a) or 113(f).  See id. at 139 n.6.  That issue has generated significant litigation in the lower courts since* <u>Atlantic Research</u>*.  E.g.,* <u>Solutia Inc.</u>*, supra;* <u>Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.</u>*, 602 F.3d 204 (3d Cir. 2010).*

[9]*In order to conclude that liability under § 107(a) is joint and several when the plaintiff is an "innocent party" but several only when the plaintiff is a PRP, the court would have to read into the statute a distinction that is not there.*

liability claim then the defendants are jointly and severally liable for the entire amount of response costs, unless the defendants carry some further burden of proof.  Stated another way, defendants are potentially exposed to liability for *all* the response costs incurred by Tronox, irrespective of their own "fair share" of those costs.  Accordingly, it is premature to conclude that Atlantic Richfield and ARCO have not stated a contribution claim against third-party defendants.

### Conclusion

Defendants have properly stated third-party contribution claims against Unocal and Lario.  Accordingly, third-party defendants' motions for judgment on the pleadings [Doc. Nos. 142 & 147] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 27th day of April, 2012.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE